IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MYRTLE DUPREE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 3:23-cv-1479-N-BN |
| V. | § | (consolidated with |
| | § | No. 3:23-cv-1480-N-BN) |
| TOM POWERS AND RUSHMORE | § | |
| LOAN MANAGEMENT SERVICES, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Appellant Myrtle Dupree ("Ms. Dupree") appealed two rulings of the United States Bankruptcy Court for the Northern District of Texas.

The two challenged rulings are the United States bankruptcy judge's decision to dismiss Ms. Dupree's bankruptcy case and decision to dismiss the related adversary proceeding because Ms. Dupree failed to comply with the court's order to retain new counsel. *See* -1479, Dkt. No. 1-1 at 5; -1480, Dkt. No. 1-1 at 4.

The appeals were consolidated, and Senior United States District Judge David C. Godbey has referred the consolidated appeals to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

For the reasons set out below, the Court should affirm the bankruptcy court and deny as moot all pending motions.

**Applicable Background**

In December 2023, the undersigned entered findings of fact and conclusions of

law in these consolidated appeals recommending that, because the Court repeatedly warned Ms. Dupree of possible dismissal for failure to comply, the Court should *sua sponte* dismiss these appeals without prejudice under its inherent authority and Federal Rule of Civil Procedure 41(b) based on Ms. Dupree's failure to comply with the Court's orders and to have counsel appear on her behalf and the Court should deny as moot Appellee Rushmore Loan Management Services, LLC's Motion to Dismiss for Want of Prosecution [Dkt. No. 23] (the "FCR").

Based on Ms. Dupree's response to the FCR, *see* Dkt. No. 24, Judge Godbey re-referred this matter to the undersigned to consider what, if any, effect those objections have on the FCR and to enter appropriate orders or recommendations, *see* Dkt. No. 25.

The Court then directed Rushmore to respond to Ms. Dupree's objections, including her arguments regarding appointing a guardian *ad litem* and/or an attorney. *See* Dkt. No. 26.

After reviewing the objections and Rushmore's response [Dkt. No. 28], including its argument that an individual other than Ms. Dupree or her son, Alfred Dupree ("Mr. Dupree"), filed the objections, the Court set this matter for an in-person hearing, *see* Dkt. Nos. 29 & 30.

Mr. Dupree, Appellee Tom Powers, and Rushmore's counsel attended the hearing on September 19, 2024. *See* Dkt. No. 31.

At that hearing, Mr. Dupree informed the Court that he has a durable power of attorney over Ms. Dupree, who he characterized as having some capacity issues;

that Ms. Dupree defers to Mr. Dupree to take care of matters for her; that he has at least informally served as her representative; that, as to some filings in this matter, he prepared them with assistance from other individuals who are not attorneys; that the family lacks funds to retain an attorney; and that he would like the Court to appoint an attorney *ad litem*.

Rushmore represented that it would not oppose the Court granting that request and informed the Court that at least one individual who assisted Mr. Dupree has taken advantage of elderly individuals, like Ms. Dupree, and that this proceeding (including presumably in the bankruptcy court) has been riddled with competency and capacity concerns.

Mr. Powers also stated that he would not oppose the appointment of someone to look at this case on behalf of Ms. Dupree.

After the hearing, Mr. Dupree submitted a financial affidavit on behalf of Ms. Dupree, as the Court ordered. *see* Dkt. Nos. 32-34, & 37.

Considering this background, the Court withdrew the FCR and granted Ms. Dupree leave to proceed *in forma pauperis* through an order entered on February 27, 2025 [Dkt. No. 45]; that order also administratively closed this case to allow an opportunity to sort out specified issues and required the parties who attended the September 19 hearing to meet and confer and file a joint status report.

An amended joint status report [Dkt. No. 47] ordered by the Court, *see* Dkt. Nos. 45 & 46, was filed on April 15, 2025.

That report contained several paragraphs discussing a prior foreclosure

lawsuit in this federal judicial district, in which a default judgment was entered against the Duprees, *see id.*, ¶¶ 4-7, but spent little time addressing the issues the Court raised, *see id.*, ¶ 2 ("While Mr. Dupree believes he has various meritorious grounds that would entitle a reversal of the bankruptcy court's rulings, neither the Trustee nor Rushmore believe the bankruptcy court should be reversed.").

And, through an email sent after the parties' meeting (and attached to the report), Mr. Dupree stated that he retained Rufus Hampton "to represent [him] in this lawsuit," but it's unclear whether Mr. Dupree meant that he retained Hampton in the foreclosure lawsuit, the underlying bankruptcy proceeding, its related adversary proceeding, or these appeals. Mr. Dupree then alleged that service issues in the prior foreclosure matter supported appointing counsel for Ms. Dupree for these appeals. Dkt. No. 47-1 at 2-4.

After reviewing the April 15 report, the Court reopened this case, denied Ms. Dupree's pending request for court-appointed counsel as to the appeals because exceptional circumstances do not warrant the appointment of counsel, and ordered the parties to file briefing to further the district court's disposition of Ms. Dupree's appeals from the bankruptcy court. *See Dupree v. Powers*, No. 3:23-cv-1479-N-BN, 2025 WL 1182095 (N.D. Tex. Apr. 23, 2025) [Dkt. No. 48].

But Ms. Dupree's side did not file a brief and instead moved to set aside the default judgment discussed above. *See* Dkt. Nos. 51 & 52.

Rushmore did file a brief and moved to strike the motion to set aside default. *See* Dkt. Nos. 54 & 55.

**Discussion**

As to these appeals, the district court confronts a discrete issue: whether the bankruptcy court's decision to dismiss Ms. Dupree's proceedings for failure to follow the court's order to retain counsel was an abuse of discretion. *See Matter of Dolleslager*, 618 F.2d 322, 324-26 (5th Cir. 1980); *Dorsey v. U.S. Dep't of Educ.*, 528 B.R. 137, 147-49 (E.D. La. 2015); *Anamarc Enters., Inc. v. Diaz*, Civ. A. No. 15-0876, Bankr. Adversary No. 14-3028, 2015 WL 4658723, at *3-*5 (S.D. Tex. Aug. 5, 2015).

"Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion," and "[a] bankruptcy court abuses its discretion when it (1) applies an improper legal standard, which is reviewed *de novo*, or (2) bases its decision on findings of fact that are clearly erroneous." *Anamarc Enters.*, 2015 WL 4658723, at *3 (citations omitted; district court's reviewing, under the standards of Federal Rule of Civil Procedure 41(b), the dismissal of an "adversary proceeding with prejudice based on Anamarc's failure to comply with the Amended Scheduling Order's requirement that it obtain 'duly authorized counsel' by" a date certain).

To the extent that Rule 41(b) applies to both dismissals, *see id.* (noting that the rule is "applicable to adversary proceedings pursuant to Bankruptcy Rule 7041"); FED. R. BANKR. P. 7041 ("Fed. R. Civ. P. 41 applies in an adversary proceeding."), a dismissal under Rule 41(b) may be with or without prejudice, *see Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would

not serve the best interests of justice.'"

*Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

Even if a court does not explicitly label a dismissal with prejudice, a dismissal still may operate as one with prejudice. For example, "[w]hen a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (quoting *Nottingham*, 837 F.3d at 441); *see also Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

Whether a dismissal is without prejudice or explicitly or effectively with prejudice frames a reviewing court's decision as to whether that dismissal –

considering the record that supports it – qualifies as an abuse of discretion. *See Dolleslager*, 618 F.2d at 324-25 ("The established rule in this circuit is that dismissal [of an action effectively with prejudice] under [Rule 41(b)], for failure to comply with an order of the court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. In general, this Court has made it clear that lesser sanctions normally will suffice, and except in the most flagrant circumstances, the trial court ought not to resort to sanctions which deprive the litigant of his opportunity to pursue his claim. We must therefore determine whether the present record discloses such a pattern of delay, flagrant circumstances or contumacious conduct that no sanction other than dismissal is appropriate to serve the interests of justice." (cleaned up)); *see, e.g.*, *Dorsey*, 528 B.R. at 148-49; *Anamarc Enters.*, 2015 WL 4658723, at *3-*5.

And a panel of the United States Court of Appeals for the Fifth Circuit recently summarized the three prongs that will typically support a Rule 41(b) dismissal with prejudice that requires "a heightened standard of review." *Miller v. Ohio Sec. Ins. Co.*, No. 24-30740, 2025 WL 3034704, at *3 (5th Cir. Oct. 30, 2025) (per curiam) (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)).

> Under that heightened abuse-of-discretion standard, dismissal is improper "unless the history of a particular case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). And "in most cases where this court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: '(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Price v. McGlathery*, 792 F.2d

472, 474 (5th Cir. 1986)).

*Id.* (cleaned up).

Rushmore set out the proceedings in the bankruptcy court in its brief, the Duprees do not contest this recitation of those proceedings, and the undersigned finds the timeline laid out by Rushmore to be accurate as supported by the record that is attached to Rushmore's brief.

Like he has on these appeals, Mr. Dupree stood in for Ms. Dupree throughout the applicable bankruptcy proceedings. And United States Bankruptcy Judge Michelle V. Larson

> admonished [Mr.] Dupree on December 1, 2022; January 5, 2023; and April 26, 2023 that the bankruptcy proceedings would not be permitted to proceed without counsel and the Debtor was required to retain new counsel in both proceedings. [Mr.] Dupree was advised several times that absent an appearance by legal counsel, the proceedings would be subject to immediate dismissal. [Mr.] Dupree was also advised that the claims raised in his adversarial proceeding were barred by res judicata….
> 	Notably, the Trustee filed his Second Amended Motion to Dismiss Chapter 13 Bankruptcy Case with Prejudice for Two Years in Case 22-31404-mvl13 on November 28, 2022 ("Motion to Dismiss") – over six (6) months before the bankruptcy proceedings were dismissed. The Trustee's request for dismissal was based on [Mr.] Dupree's abuse of Section 362 of the Bankruptcy Code to the extent that a default judgment was entered on March 7, 2022 in Case No. 3:16-cv-00632 that granted foreclosure of the property at issue, [Mr.] Dupree had no intention of effectuating a realistic bankruptcy plan, and the bankruptcy was essentially filed for purposes of the automatic stay (i.e. the automatic stay was used for the sole purpose of stalling foreclosure of the property). The Trustee's Motion to Dismiss was initially set for status conference on December 1, 2022. However, that Motion to Dismiss was not heard on December 1st but was ultimately reset three (3) more times to allow [Mr.] Dupree additional time to either retain counsel or otherwise prosecute the bankruptcy proceedings. Specifically, the matter was set on December 1, 2022 and reset to January 5, 2023; March 24; 2023; and April 26, 2023.
> 	The December 1st hearing transcript confirms both [Mr.] Dupree

and Mr. Rufus Hampton appeared. However, [Mr.] Dupree's former counsel, Brian Vodicka failed to appear. Because the Debtor was not represented by counsel, the Motion to Dismiss for failure to confirm was continued to January 5, 2023, and a status conference was scheduled on the Trustee's Motion to Dismiss. In the interim, Judge Larson issued a Show Cause Order to Mr. Vodicka to appear at the January 5th hearing.

On December 30, 2022, the Section 341 Meeting of Creditors was held wherein [Mr.] Dupree testified under oath that he knew about the federal lawsuit that Rushmore was asking permission to foreclose. [Mr.] Dupree agreed that no answer was filed in that lawsuit, and the federal court entered an order permitting foreclosure. [Mr.] Dupree claimed the basis for filing the bankruptcy was to assert claims against the bank for predatory lending, an invalid home equity lien, and violation of the four-year statute of limitations to foreclose. However, as his former counsel [ ] pointed out, each of those claims were compulsory claims [Mr.] Dupree was required to raise in the federal lawsuit. They were not brought in the federal lawsuit, and res judicata now bars [Mr.] Dupree from ever raising those claims.

The January 5th hearing transcript confirms [Mr.] Dupree was present along with the Trustee, U.S. Bank's attorney, Mr. Rufus Hampton, and Debtor's former counsels Brian Vodicka and Katrina Kershner. During that hearing, former attorney Brian Vodicka offered unsolicited testimony that he spent a lot of time looking at the home equity loan and the procedural history of litigation regarding the note and that had he been given the federal court ruling in the beginning, he would have never advised trying to challenge the validity of the note and lien in the bankruptcy proceeding. Mr. Vodicka went on to say that Judge Sidney Fitzwater's "Final Judgment … was so specific that it raised issues of, you know, compulsory counterclaim, and res judicata, and waiver, and estoppel, that I felt that the whole situation was misdiagnosed at the very outset." Mr. Vodicka agreed that had he known about the judgment, he would not have taken any further action towards an attempt to quell the foreclosure in any way…. [A]ttorney Katrina Kershner advised [then] Judge Larson she wanted to take the night to determine if she was going to enter an appearance for the debtor. The proceedings were again continued to allow Ms. Kershner time to enter an appearance for [Mr.] Dupree and file an adversarial proceeding, which she did.

On April 26, 2023, Judge Larson reset the hearing on confirmation of the plan and the Trustee's Motion to Dismiss. At the outset of the hearing, [Mr.] Dupree's attorney announced that a settlement agreement had been reached regarding a loan modification and dismissal of the bankruptcy proceedings. However, [Mr.] Dupree told the Court that no agreement had been reached, he rejected the loan

> modification, wanted only to pursue his adversarial case against Rushmore, and he no longer wanted to be represented by Ms. Kershner. Ms. Kershner asked permission to withdraw as counsel and to adjourn the hearing for sixty (60) days to allow the Debtor to find new legal counsel. On April 27th, Judge Larson entered an order that adjourned the hearing … to June 27, 2023, set forth a deadline of May 26, 2023 for [Mr.] Dupree to retain new counsel, and allowed Kershner to withdraw as counsel. Judge Larson also ordered that "the Debtor shall NOT be permitted to proceed without counsel" and that "absent an appearance by new counsel by May 26, 2023, the bankruptcy and Adversary Proceeding will be subject to immediate dismissal." A copy of the order was mailed to [Mr.] Dupree via regular first-class mail at the property address where [Mr.] Dupree resided and continues to reside.
>
> As of June 2, 2023, no new counsel filed a notice of appearance in either proceeding. Based on the foregoing, Judge Larson found good cause to dismiss both cases for failure to comply with the Court's Order.

Dkt. No. 54 at 3-5 (citations omitted).

As this record reflects, Judge Larson issued warnings and accommodated the Duprees by continuing the proceedings multiple times. But she was not required to delay the bankruptcy court's consideration of the Duprees' case forever – which appears to have been Mr. Dupree's aim based on the record set out above.

And Judge Larson only dismissed the bankruptcy proceedings with prejudice for the failure to retain counsel once the record reflected (1) "a pattern of delay" that exemplified "contumacious conduct" and that (2) "no sanction other than dismissal is appropriate to serve the interests of justice." *Dolleslager*, 618 F.2d at 324-25.

That is, the prosecution of the bankruptcy proceedings presented conduct that exhibited "the 'stubborn resistance to authority'" that qualified as "contumacious" and "justifie[d] a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal*, 842 F.2d at 792). That is because Mr. Dupree's conduct (as Ms. Dupree's representative) "willful[ly] disobe[yed] a court

order," *In re Deepwater Horizon*, 922 F.3d 660, 666 (5th Cir. 2019), "threatened the integrity of the judicial process," *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982), and was otherwise "no[t] reasonabl[y] justifi[ed]," *Lucero v. Wheels India, Ltd.*, No. 23-10494, 2023 WL 8622293, at *3 (5th Cir. Dec. 13, 2023) ("Because dismissal [with prejudice] is the effective death knell of this case, the conduct upon which the district court dismissed the case must be contumacious, meaning, essentially, there is no reasonable justification for the plaintiffs' conduct." (citing *Millan*, 546 F.3d at 326; *McNeal*, 842 F.2d at 792)); *see also Miller*, 2025 WL 3034704, at *5 ("[R]epeatedly defying court orders, with no reasonable justification, threatens the integrity of the judicial process." (cleaned up)).

The record also supports the remaining two legs of the dismissal-with-prejudice stool.

Judge Larson's explicit warning counts as a lesser sanction. *See Miller*, 2025 WL 3034704, at *5 ("As this court has previously held, a district court 'more than adequately attempt[s] the lesser sanction of warning' when it 'issue[s] an explicit warning of the risk of dismissal.'" (quoting *Pennie v. Giorgi for Dall. Morning News*, 841 F. App'x 655, 659 (5th Cir. 2021))).

And there is an aggravating factor – the Duprees' failure to retain an attorney as ordered by Judge Larson – that confirms that the conduct at issue is attributable to the litigants and not their counsel. *See id.* ("[G]iven that Miller was proceeding *pro se* – despite the district court's emphasis on his need to be diligent in securing counsel – he has no one else to blame.").

And, so, Judge Larson did not abuse her discretion.

## Recommendation

The Court should affirm the United States bankruptcy judge's rulings dismissing with prejudice Appellant Myrtle Dupree's bankruptcy case and the related adversary proceeding for failing to comply with the bankruptcy court's order to retain new counsel and deny as moot all pending motions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 5, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE